[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above captioned case comes before the court on the application of the defendant, BBED Associates, Inc. ("BBED, or "owner") to discharge a mechanic's lien filed by the plaintiff, National Lumber, Inc. ("lienor") as to BBED's property known as Lot #2, Damascus Road in Branford.
The application of BBED alleges only that "there is not probable cause to sustain the validity of the lien." At the hearing, the owner presented, without objection by the lienor, evidence in support of its invocation of 49-33(f) C.G.S. That statute provides, in pertinent part, that "a subcontractor shall CT Page 4960 have a mechanic's lien or right to claim a mechanic's lien in the event of any default by [the person through whom the subcontractor claims] . . . provided the total of such lien or liens shall not attach to [the land or buildings] to a greater amount in the whole than the amount by which the contract price between the owner and the person through whom the subcontractor claims exceeds the reasonable cost, either estimated or actual, as the case may be, of satisfactory completion of the contract plus any damages resulting from such default for which that person might be held liable to the owner and all bona fide payments, as defined in section 49-36, made by the owner before receiving notice of such lien or liens."
The Lienor seeks to collect for lumber worth $11,342.19 that it supplied to Frederick Buonfiglio d/b/a Buonfiglio Builders used in the construction of a house for BBED. The construction contract between BBED and Buonfiglio provides that Buonfiglio would build a single family house at Lot #2 Damascus Road for the sum of $81,110. By the terms of the contract, which was executed on July 16, 1991, ten percent of the contract amount was to be paid upon signing, thirty percent after completion of the foundation, shell, roof, and windows, thirty percent upon completion of the rough plumbing, insulation, sheetrock and taping, and the balance upon completion and issuance of a certificate of occupancy.
On July 12, 1991, Buonfiglio had borrowed $20,000.00 from BBED after explaining that he was in the process of building a number of houses and was experiencing cash flow difficulties. Buonfiglio failed to pay the note on its due date of September 15, 1991, and he advised BBED in early October 1991 that he would have to abandon construction of the house at Lot #2, Damascus Road because of his financial situation. On October 3, 1991, BBED paid Buonfiglio $24,000.00, which represented the installment due pursuant to the construction contract upon completion of the foundation, shell, roof and windows. Though the note provided that BBED could offset the $20,000.00 indebtedness from any amounts it owed Buonfiglio, no offset was made for the reason that Buonfiglio urged BBED to wait because he was still having financial problems.
On some date prior to December 1, 1991, but which date was not established by the evidence presented, Buonfiglio filed for bankruptcy. In December 1991, BBED hired him to act as construction supervisor on the house at Lot #2 Damascus Road. Buonfiglio will be compensated by BBED by receipt of a percentage of the profits from the project.
BBED presented evidence to the effect that the cost to complete the house on Damascus Road that Buonfiglio left CT Page 4961 unfinished will bring the total cost to a figure approximately $4,000.00 in excess of the $81,110.00 specified in the contract with Buonfiglio, and BBED thus has established one of the requirements for discharge of a mechanic's lien pursuant to 49-33(f). That statute is, however, by its terms subject to the provisions of 49-36 C.G.S. which requires a determination whether the payments made to a general contractor were made in good faith.
Pursuant to 49-35b (b) C.G.S., a mechanic's lien may be discharged only if the movant establishes the invalidity of the lien by clear and convincing evidence. The issue of good faith is one left to judicial determination. Purcell, Inc. v. Libbey,111 Conn. 132, 139 (1929). Under the circumstances set forth above this court cannot conclude that there is clear and convincing evidence that the payments made by BBED to Buonfiglio were made in good faith. The timing and context of the payments and the other dealings between BBED and Buonfiglio instead point to a collusive relationship, and the court does not find that all conditions of 49-33(f), incorporating 49-36, are met.
The application to discharge the mechanic's lien of National Lumber, Inc. is denied.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT.